IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| LUTRON ELECTRONICS CO., INC., | |
| Plaintiff, | Civil Action No. 9:07cv97 |
| v. | RC |
| LEVITON MANUFACTURING CO., INC., | |
| Defendant. | |

## LUTRON'S COMPLAINT ('798 PATENT)

Lutron Electronics Co., Inc. ("Lutron") complains of Leviton Manufacturing Co., Inc. ("Leviton"), and alleges, on knowledge as to its own conduct and otherwise on information and belief, as follows. This Complaint is filed in accordance with the Court's April 19, 2007 Order (Doc. 21) in Civil Action No. 9:07-CV-43 (the "Main Action") and is related to that action and Lutron's Complaint ('125 Patent), which is being filed contemporaneously.

### PRELIMINARY STATEMENT

1.   Pursuant to Federal Rule of Civil Procedure 10(c), Lutron adopts by reference its statements in Lutron's Second Amended Complaint, filed contemporaneously in the Main Action.

### PARTIES

2.   Lutron is a Pennsylvania corporation with its principal place of business located at 7200 Suter Road, Coopersburg, Pennsylvania 18036-1299. Lutron is in the business of, and invests extensively in, designing, developing, manufacturing, and marketing new and innovative lighting control products. Lutron sells its lighting control devices throughout the world.

3. Leviton is a Delaware corporation with its principal place of business located at 59-25 Little Neck Parkway, Little Neck, New York 11362. Leviton is a manufacturer and importer of electrical and electronic devices, including dimmer switches and related lighting control devices.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the patent infringement claims pursuant to the provisions of 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. This Court has personal jurisdiction over Leviton because it is present and doing business, and has engaged in the actionable conduct alleged below (including acts of infringement), in this Judicial District.

6. By way of example, Leviton has committed and continues to commit acts of infringement by selling products that collectively infringe all seven Lutron patents at issue in the related cases, including the '798 patent discussed below, and copying Lutron's trademarks, trade dress and copyrighted material in and into this Judicial District, and by placing such products into the stream of commerce with the knowledge and intent that they would be sold in this Judicial District.

7. Leviton products which infringe Lutron's patents were purchased in this Judicial District. On February 21, 2007, a Vizia dimmer manufactured by Leviton was purchased at The Home Depot, 6200 Park Blvd., Plano, Collin County, Texas 75093, in this Judicial District. On the same day, an IlluminEssence dimmer manufactured by Leviton was purchased using the interactive website at www.circuitcity.com from a computer in, and for delivery into, this Judicial District.

8. Venue is proper in this Judicial District pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

### Maestro® Trade Dress and Ornamental Design

9. Among Lutron's most popular products is the Maestro® dimmer switch, whose trade dress is a recognized symbol of Lutron's goodwill.

10. The Maestro® trade dress is comprised of the configuration of a press and tap light dimmer with a clean face plate, dimming rocker and LED light level indicators. On December 27, 1994, the United States Patent and Trademark Office issued Lutron U.S. Design Patent No. 353,798, titled "Combined Bezel and Wall Switch Actuators" for Lutron's ornamental design features embodied in Lutron's Maestro® dimmer switches. A copy of the '798 patent is attached as Exhibit 1. Gary Bryde, Robert Hanna, Noel Mayo, Donald Mosebrook, and Joel Spira are the named inventors of the '798 patent. The '798 patent has at all relevant times been owned by Lutron and is presently owned by Lutron as the sole and exclusive assignee and owner of all right, title and interest to the patent.

### FIRST CLAIM FOR RELIEF: INFRINGEMENT OF THE '798 PATENT

11. Lutron incorporates all foregoing paragraphs as if fully set forth herein.

12. Leviton has infringed the '798 patent by making, using, offering for sale, selling, and/or importing and/or participating in the making, using, offering for sale, selling, and/or importing one or more of the infringing devices (including the Vizi and IlluminEssence dimmer switches) in violation of 35 U.S.C. § 271(a), or alternatively has contributorily infringed and actively induced infringement of the '798 patent by actively inducing others to use, offer for sale, or sell one or more of the infringing devices of the '798 patent in violation of 35 U.S.C. § 271(b). Leviton has also applied the patented design of the '798 patent, and/or colorable imitations thereof, to articles of manufacture for sale including the above Leviton products, and has sold or

exposed for sale articles of manufacture to which the patented design and/or colorable imitations have been applied, and is therefore liable to Lutron under 35 U.S.C. § 289.

13. Leviton's acts of infringement of the '798 patent have been and continue to be deliberate and willful and in reckless disregard for Lutron's patent rights.

14. Lutron has been damaged by Leviton's direct and indirect infringement of the '798 patent, and Leviton has profited from such infringement.

15. As a result of Leviton's infringement and inducement of infringement of the '798 patent, Lutron has suffered and will continue to suffer irreparable injury for which there is no adequate remedy at law. Such irreparable injury shall continue until Leviton's actions are enjoined by this Court.

## JURY DEMAND

16. Lutron hereby requests a jury trial as to all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Lutron requests that this Court:

(a) Preliminarily and permanently enjoin Leviton, and those in active concert or participation with Leviton from further infringement of the '798 patent;

(b) Require Leviton to issue corrective advertising and/or notices and to destroy all existing stock of any products infringing upon the '798 patent;

(c) Award Lutron damages adequate to compensate Lutron for Leviton's infringement of the '798 patent, and together with interest and costs as provided by 35 U.S.C. § 284;

(d) Award to Lutron the amount of Leviton's profits from Leviton's infringement of the '798 patent pursuant to 35 U.S.C. § 289;

(e) Find that Leviton's infringement of the '798 patent has been willful and deliberate and award Lutron treble damages as provided by 35 U.S.C. § 284;

(f) Award Lutron any post judgment interest as provided by 28 U.S.C. § 1961;

(g) Declare that this is an exceptional case and award Lutron its reasonable attorneys' fees as provided by 35 U.S.C. § 285;

(h) Award all costs incurred by Lutron in this action; and

(i) Grant any such other and further relief as this Court deems just and proper.

Dated: April 24, 2007

Respectfully submitted,

_____
George E. Chandler
 Texas Bar No. 04094000
**CHANDLER LAW OFFICES**
207 East Frank Street, Suite 105
P.O. Box 340
Lufkin, Texas 75902-0340
Telephone: (936) 632-7778
Telecopy: (936) 632-1304
gchandler@chandlerlawoffices.com

J. Thad Heartfield
 Texas Bar No. 09346800
**THE HEARTFIELD LAW FIRM**
2195 Dowlen Road
Beaumont, Texas 77706
Telephone: (409) 866-3318
Telecopy: (409) 866-5780
thad@jth-law.com

Clyde M. Siebman
  Texas Bar No. 18341600
**SIEBMAN, REYNOLDS, BURG**
**& PHILLIPS, LLP**
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
Telephone: (903) 870-0070
Telecopy: (903) 870-0066
clydesiebman@siebman.com

Clayton E. Dark, Jr.
  Texas Bar No. 05384500
**LAW OFFICE OF CLAYTON E. DARK, JR.**
P.O. Box 2207
Lufkin, Texas 75902-2207
Telephone: (936) 637-1733
Telecopy: (936) 637-2897
cekrad@yahoo.com

William D. Sims, Jr.
  Texas Bar No. 18429500
Scott W. Breedlove
  Texas Bar No. 00790361
John D. Taurman
  Texas Bar No. 19680400
David E. Killough
  Texas Bar No. 24030903
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Telephone: (214) 220-7700
Telecopy: (214) 220-7716
bsims@velaw.com
sbreedlove@velaw.com
jtaurman@velaw.com
dkillough@velaw.com

*Attorneys For Lutron Electronic Co., Inc.*

OF COUNSEL:

James D. Herschlein (*admitted pro hac vice*)
David S. Benyacar (*admitted pro hac vice*)
Daniel M. Boglioli (*admitted pro hac vice*)
Danielle J. Garrod (*admitted pro hac vice*)
jherschlein@kayescholer.com
dbenyacar@kayescholer.com
dboglioli@kayescholer.com
dgarrod@kayescholer.com
**KAYE SCHOLER LLP**
425 Park Avenue
New York, New York 10022-3598
Telephone: (212) 836-8000
Telecopy: (212) 836-8689

1244129v.1

US00D353798S

# United States Patent [19]
## Bryde et al.

[11] Patent Number: **Des. 353,798**

[45] Date of Patent: ∗∗ Dec. 27, 1994

[54] **COMBINED BEZEL AND WALL SWITCH ACTUATORS**

[75] Inventors: Gary W. Bryde, Catasauqua; Robert S. Hanna, Macungie; Noel Mayo, Philadelphia; Donald R. Mosebrook, Bethlehem; Joel S. Spira, Coopersburg, all of Pa.

[73] Assignee: Lutron Electronics Co., Inc., Coopersburg, Pa.

[∗∗] Term: 14 Years

[21] Appl. No.: 861,493

[22] Filed: Mar. 31, 1992
[52] U.S. Cl. .................................. D13/169; D13/171
[58] Field of Search ............. D13/158, 162, 164, 169, D13/170; D8/353; 220/3.8, 241; 338/197; 200/1 R, 310, 317, 339, 547, 553

[56]  **References Cited**
U.S. PATENT DOCUMENTS

D. 310,820   9/1990  Watson et al. ...................... D8/353
D. 323,488   1/1992  Darnell et al. ..................... D8/353
4,552,143  11/1985  Lottick ........................... 128/303.14

OTHER PUBLICATIONS

Lutron VAREO dimmer control on inside front cover of *Home Lighting & Accessories* 1–90.
Leviton Decora electronic control switch on p. 88 *Home Lighting & Accessories 1–91*.

*Primary Examiner*—Wallace R. Burke
*Assistant Examiner*—Joel Sincavage
*Attorney, Agent, or Firm*—Warren W. Kurz

[57]  **CLAIM**

The ornamental design for a combined bezel and wall switch actuators, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of combined bezel and wall switch actuators in accordance with the invention;
FIG. 2 is a front elevational of the FIG. 1 design;
FIG. 3 is a top plan view of the FIG. 1 design;
FIG. 4 is a left side elevational view of the FIG. 1 design;
FIG. 5 is a right side elevational view of the FIG. 1 design; and,
FIG. 6 is a bottom plan view of the FIG. 1 design.





FIG.1

FIG.2

FIG.3



FIG. 4    FIG. 5



FIG. 6